1  Benjamin L. Ratliff    Bar No. 113708

2  THE LAW FIRM OF
   WEAKLEY, RATLIFF,
3  ARENDT & McGUIRE, LLP
   1630 East Shaw Avenue, Suite 176
4  Fresno, California   93710

5  Telephone: (559) 221-5256
   Facsimile:  (559) 221-5262

6

7  Attorneys for Defendants, CITY OF MADERA,
   OFFICER JOCELYN BECK, OFFICER WARREN
   WEBSTER, SGT. JOHN R. MARKLE
8  and CHIEF MICHAEL B. KIME

9

10                    UNITED STATES DISTRICT COURT

11                    EASTERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| FREDERICK LEE, | ) CASE NO. CIV F 04-5607 AWI DLB |
| Plaintiff | ) STIPULATION RE PROTECTIVE ORDER |
| vs. | ) AND ORDER THEREON |
| CITY OF MADER, MADERA POLICE DEPARTMENT; OFFICER JOCELYN BECK, OFFICER WARREN WEBSTER, SGT. JOHN R. MARKLE and MICHAEL B. KIME, Chief of the Madera City Police Department, in his Individual and Official Capacity. | ) |
| Defendants. | ) |

21     IT IS HEREBY STIPULATED between the parties, that the following information will

22  be disclosed pursuant to this stipulation and protective order:

23     **1. Documents reflecting procedures and standards used in disciplining officers**

24  **employed by the City of Madera.**

25     **2. Documents reflecting the policies, procedures and course material used with**

26  **respect to the training of officers in the use of non-deadly force in the making of an arrest**

27  **and the date the training was offered.**

28  ///

 3.  Documents reflecting the training of Madera Police Officer Jocelyn Beck, Warren Webster and Sgt. John Markle in the use of non-deadly force in the making of an arrest.

 4.  Documents reflecting the policies, procedures and course material used with respect to the training of officers to properly determine probable cause for arrest and the dates the training was offered.

 5.  Documents reflecting the training of Madera Police Officer Jocelyn Beck, Warren Webster and Sgt. John Markle to properly determine probable cause for arrest.

 6.  Documents reflecting the policies, procedures and course material used with respect to the training of officers in the use of handcuffs and the dates the training was offered.

 7.  Documents reflecting the training of Madera Police Officer Jocelyn Beck, Warren Webster and Sgt. John Markle in the use of handcuffs.

 8. Documents reflecting the policies, procedures and course material used with respect to the training of officers in the use of handcuffs during an arrest and the handling of a handcuffed suspect and the dates the training was offered.

 9. Documents reflecting the policies, procedures, regulations or rules used by the Madera Police Department concerning tactics officers should use when citizens are upset or verbally abusive to the officer.

 10. Documents reflecting the policies, procedures, regulations or rules used by the Madera Police Department concerning establishing probable cause for arrest.

 11.  Documents relating to citizen complaints concerning excessive use of force or false arrest on the part of the individually named police officers within five years preceding April 23, 2003 and six months after said date, including the complaints themselves, any follow-up internal affairs investigations of the complaints and conclusions rendered after the investigations.

The information which is maintained by the Madera City Police Department and requested by plaintiff through discovery, may be disclosed to counsel for plaintiff pursuant to

the protective order detailed below.  The information requested by plaintiff is information which the City of Madera deems confidential.  The release of this information pursuant to this Stipulation and Protective Order does not waive the confidentiality privilege protecting these documents from general disclosure.

Based on the foregoing, IT IS HEREBY STIPULATED:

1. The "confidential" information shall be used solely in connection with this litigation in the preparation and trial of this case, or any related proceeding, and not for any other purpose or in any other litigation.

2. Documents containing the confidential information may be disclosed only to the following persons:

   a) counsel for any party to this action;

   b) paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in (a);

   c) court personnel including stenographic reporters engaged in proceedings as are necessarily incidental to preparation for the trial of this action;

   d) any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

   e) any in-house expert designated by defendants to testify at trial in this matter;

   f) witnesses other than the plaintiff herein, may have the information disclosed to them during deposition proceedings; the witnesses shall be bound by the provisions of paragraph 3;

   g) the finder of fact at the time of trial subject to the court's rulings on in limine motions and objections of counsel;

   h) no documents containing confidential information shall be provided to plaintiff; however, information that has been deemed confidential may be shared with plaintiff for purposes of preparation of the case.  Before any confidential information is provided to plaintiff they will be provided with a copy of this protective order and agree to be bound by the provisions of same.

3. Each person to whom disclosure is made with the exception of counsel who are presumed to know of the contents of this protective order shall, prior to the time of disclosure, be provided by the person furnishing him/her such information, a copy of this order, and shall agree on the record or in writing that he/she has read the protective order and that he/she understands the provisions of the protective order.  Such person must also consent to be subject to the jurisdiction of the United States District Court Eastern District of California with respect to any proceeding related to enforcement of this order, including without limitation, any proceeding for contempt.  Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this Court.

4. Any document filed with the Court that reveals confidential information shall be filed under sealed label with a cover sheet as follows:  "This document is subject to a protective order issued by the Court and may not be copied or examined except in compliance with that order."  Such documents shall be kept by the Court under seal and made available only to the Court or counsel.

5. At the conclusion of this litigation, all confidential material received under the provisions of this order, including copies made, shall be destroyed, or tendered back to the attorney of record for the City of Madera, Weakley, Ratliff, Arendt & McGuire LLP, 1630 E. Shaw Ave., Ste. 176, Fresno, California  93710; Attention: Benjamin L. Ratliff.  The conclusion of litigation means the termination of the case following applicable post-trial motions, appeal and/or retrial.

DATED: September 15, 2005         WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP

/s/ Benjamin L. Ratliff

By: _____
    Benjamin L. Ratliff
    Attorney for Defendant City of Madera

DATED: September 15, 2005         THE LAW OFFICE OF JACOB M. WEISBERG

/s/ Jacob M. Weisberg

By: _____
    Jacob M. Weisberg
    Attorney for Plaintiff

IT IS SO ORDERED.

Dated: September 15, 2005         /s/ Dennis L. Beck
3b142a                            UNITED STATES MAGISTRATE JUDGE