# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK LEE ) | CIV F 04-5607 AWI  DLB |
| ) | |
| Plaintiff, ) | ORDER AFTER IN CAMERA REVIEW |
| ) | |
| v. ) | |
| ) | |
| CITY OF MADERA, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed this civil rights action on April 22, 2004 against the City of Madera, Madera Police Department and several officers of the Madera Police Department. Plaintiff's claims arise from his arrest on April 23, 2002.

In response to discovery, defendants disclosed that a citizen's complaint of excessive force was made against defendant Sgt. John R. Markle. On March 17, 2006, the parties stipulated that the records related to the citizen's complaint would be submitted to the undersigned by the Madera Police Department for an in camera review pursuant to *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987).

In accordance with the Order re In-Camera Review, the Madera Police Department

submitted the following documents:

    (1)    Madera Police Department Inter-Office Memorandum dated January 31, 2003 (2 pages);

    (2)    Madera Police Department Citizens' Complaint Form dated January 30, 2003 (1 page);

    (3)    Data Port re Markle's M-26 Taser (2 pages);

    (4)    Madera Police Report 03-02455 (3 pages);

    (5)    Madera Police Report 03-02455 Incident Supplement Page (1 page);

    (6)    Memorandum dated April 10, 2006 from Lesa Chambers to Dawn Flores regarding business cards (1page);

    (7)    Memorandum dated March 31, 2006 from DeLynn Sapp to Dawn Flores regarding disposal of Datalux Computers.

## **DISCUSSION AND ORDER**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In federal question cases, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975). Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975). The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where

1 protective measures are taken." Id.

2 Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. See Breed v. United States Dist. Ct. for Northern District, 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir.1992), *cert. den*. 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 550-51 (E.D.Cal.1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

After review of the documents, the Court finds that the documents are relevant to Plaintiff's claims and are therefore discoverable. See Henry v. County of Shasta, 132 F.3d 512, 518-519 (9th Cir. 1997). The court has considered the factors in favor of and against disclosure given the sensitive nature of the documents and finds that any harm from disclosure can be prevented by a stipulated protective order.

Accordingly, with the exception of the March 31, 2006 Memorandum, the documents submitted for in camera review shall be produced to plaintiff within 10 days of this Order. The documents may be produced pursuant to a stipulated protective order.

IT IS SO ORDERED.

Dated:    **June 16, 2006**             **/s/ Dennis L. Beck**
3b142a                                   UNITED STATES MAGISTRATE JUDGE